## THE PRINZ GEORG.[1]

### (*District Court, E. D. Louisiana.* February, 1884.)

1. JOINDER OF PARTIES.

   Where a thing is defendant, and several persons are asserting rights in it, distinct, but before the same tribunal, the proceedings are, for certain purposes, necessarily to be considered together; *i. e.*, whenever it is necessary to rank the claims or to proportion the proceeds.

2. SAME.

   When the claims rest upon a charge of a voluntary withholding of provisions, etc., the cases necessarily involve a common question, viz., whether an adequate supply of provisions was originally laden on board. The case is therefore analogous to cases of salvage or collision, in this respect, and for this reason the joinder would be permissible.

3. SAME.

   The joinder is allowed even in cases which are in their origin distinct, and have no connection, save that they are asserted against a common *res.*

In Admiralty. An exception.

*Richard De Gray* and *R. King Cutler*, for libelants.

*E. W. Huntington, H. L. Dufour, Geo. H. Braughn, Chas. F. Buck, Max Dinklespeil,* and *Emmet D. Craig*, for claimants.

BILLINGS, J. This cause has been heard on an exception of a misjoinder of parties. The numerous libelants were steerage passengers on the libeled vessel on a voyage from Palermo to the port of New Orleans, and have joined in the suit to recover the penalty against the vessel established by the act of August 2, 1884, entitled "An act to regulate the carriage of passengers by sea," (22 St. at Large, 186,) as well as for the recovery of further damages. The suit is a proceeding *in rem*, and the numerous libelants assert distinct

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

claims, each for himself., Can such claims be joined in one suit? I think, upon principle as well as authority, the question must be answered in the affirmative. Where a thing is defendant and several persons are asserting rights in it, distinct, but before the same tribunal, the proceedings are, for certain purposes, necessarily to be considered together; *i. e.*, whenever it is necessary to rank the claims or to proportion the proceeds. This would happen whenever the proceeds should be insufficient to pay all the claims in full. Again, when, as in this case, the claims rest upon a charge of a voluntary withholding of provisions, etc., the cases necessarily involve a common question, viz., whether an adequate supply of provisions was originally laden on board. The case is therefore analogous to cases of salvage or collision in this respect, and for this reason the joinder would be permissible. But I think the joinder is allowed even in cases which are in their origin distinct, and have no connection save that they are asserted against a common *res.* When there is a suit *in rem*, it is a prerequisite of jurisdiction that there should be a warrant and a seizure. In these cases there must be either the expense of 60 seizures, or there must be a joinder that one seizure may arrest for all the claims. Therefore the joinder is allowed. The difficulties of answering and defending are not enhanced, and the expense is reduced. It is for this reason, also, that the statute permits that suits separately commenced may be consolidated by the court when they are "of a like nature or relative to the same question." 3 St. 21; Rev. St. § 921.

Judge WARE, speaking of unconnected claims of material-men, thus lays down the rule:

"Being maritime liens, there is no doubt that they may be enforced by process in the admiralty, where all may join and have their rights settled in a single suit, or may intervene for their own interest, after a libel has been filed, and have the whole matter disposed of in or under one proceeding, or one attachment, instead of having as many suits as there are creditors." The *Hull of a New Ship*, Davies, (2 Ware,) 203, 205. See, also, Judge BETT's opinion in *The Childe Harold*, where the same rule was followed, Olc. 275.

The objection is not that the cause of each libelant is not distinctly and issuably stated, but that they are all stated in one pleading, and are in their nature separate causes of action accruing to distinct persons. In other suits the ruling might be very different, but in a proceeding *in rem*, in the admiralty, this is not irregular or unauthorized, and the exception must be overruled.