MEESE et al. v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1914.)

No. 2287.

1. MASTER AND SERVANT (§ 250¾, New, vol. 16 Key-No. Series)—STATUTES—IMPLIED REPEAL—WORKMEN'S COMPENSATION ACT—"PREMISES."

Washington Workmen's Compensation Act (Laws 1911, c. 74, § 1) declares the public policy of the act to provide for the relief of workmen, and that the state of Washington therefore exercises its police and sovereign power by declaring that all phases of the "premises" are withdrawn from private controversy so as to provide sure and certain relief for workmen injured in extrahazardous employment, etc. *Held*, that the word "premises," as so used, meant the matters stated in the context, to wit, the common-law system governing the remedy of workmen against employers for injuries received in hazardous employment, which withdrawal did not include the general liability for personal tort nor a right of action under a state statute for injuries resulting in the death of an employé caused by the wrongful act or neglect of another who was not the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decedent's employer, and hence such act neither expressly nor by implication repealed Rem. & Bal. Code, §§ 183, 194, creating an action for wrongful death in favor of decedent's wife and children. ·

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5509–5513; vol. 8, p. 7761.]

2. STATUTES (§ 211*)—CONSTRUCTION—TITLE.
    A statute cannot be extended by construction beyond the scope of its title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 288; Dec. Dig. § 211.*]

3. STATUTES (§ 158*)—EXPRESS REPEAL—IMPLICATION.
    Where a statute expressly repeals specific other acts, there is a presumption that it is not intended to repeal others not specified.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. § 158.*]

In Error to the District Court of· the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Mary A. Meese and others against the Northern Pacific Railway Company to ·recover for the alleged wrongful death of Benjamin Meese. From an order sustaining a demurrer to the complaint and dismissing the action (206 Fed. 222), plaintiffs bring error. Reversed, with directions.

The plaintiffs, the wife and children of Benjamin Meese, deceased, citizens of the state of Washington, filed their complaint in the court below against the defendant, Northern Pacific Railway Company, a corporation organized and existing under and by virtue of the laws of the state of Wisconsin, to recover from said defendant the sum of $25,715.53 as damages sustained by them by reason of the death of their said husband and father.

It appeared from the complaint that the defendant maintained a track or switch connecting with its main tracks, by means of which freight cars were furnished to the Seattle Brewing & Malting Company for the loading of the finished product of its plant situate in the city of Seattle, Wash.; that said switch ran alongside of and parallel with a house or building of the brewing company known as the wire house, in which was stored the finished product of the plant to be loaded into cars for shipment to various parts of the country; that the cars left on said track or switch by the defendant were loaded with the barrels containing the finished product of the brewing company by means of skids and other appliances extending ·from the wire house into the car, said barrels being rolled from said wire house along and over the skids into the car.

It further appeared from said complaint that on the 12th day of April, 1913, the decedent, Benjamin Meese, was in the employ of said brewing company at its said plant in the city of Seattle, Wash.; that his duties, among others, as such employé, consisted in placing government stamps upon the barrels containing the finished product of the brewing company, and also in assisting in loading said barrels from the wire house of the brewing company into the cars supplied by the defendant on its said track or switch, for that purpose; that, at the time the decedent received the injuries from which he afterwards died, he was engaged, pursuant to his duties as an employé of said brewing company, in placing government stamps upon the barrels containing the finished product of said brewing company, as they were being rolled along one of the skids above referred to from the wire house of the brewing company into the car of the defendant standing on said track or switch; that for this purpose he was standing on a platform which ran below said skid and along the side of and parallel with said wire house, and between said wire house

and the track or switch of the defendant, such position being the position from which said work and duty was usually carried on and performed by employés ·of the brewing company when engaged in placing government stamps upon its finished product; that, while the decedent was so employed, the defendant, by and through its agents and employés, carelessly and negligently, and without warning to the deceased, caused a number of cars to come down its siding or switch with tremendous force and momentum, striking the car then being loaded with the finished product of the brewing company, causing the skid then being used for that purpose to fly back against the decedent, whereby a large number of barrels containing said finished product, then being moved and rolled along said skid, fell upon said decedent, causing the injuries from which he afterwards died.

To the complaint the defendant interposed a demurrer on the ground that the same failed to state facts sufficient to constitute a cause of action against it; that there was no authority in law under which the plaintiffs' action could be maintained as against the defendant for the reason that it appeared from the complaint that Benjamin Meese, on account of whose wrongful death the action was brought, sustained the injuries of which complaint was made at the place of work and the plant of his employer, and that plaintiffs' claim came within the terms of chapter 74 of the Session Laws of the state of Washington for 1911, being an act relating to compensation to injured workmen, and for the further reason that the court had no jurisdiction of the subject-matter of the action, the injuries to plaintiffs' decedent having occurred while he was employed at the works and plant of his employer, and all rights of action by reason of the matters set forth in the plaintiffs' complaint having been withdrawn from the jurisdiction of the court by chapter 74 of the Session Laws of Washington for 1911, known as the Workmen's Compensation Act.

The demurrer was sustained by the court below, and, the plaintiffs electing to stand upon their complaint without amendment, it was ordered and decreed that the action be dismissed, from which order and decree the plaintiffs sued out a writ of error from this court.

Govnor Teats, Leo Teats, and Ralph Teats, all of Tacoma, Wash., for plaintiffs in error.

C. H. Winders, of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). 1. The question on this appeal arises out of an act of the Legislature of the state of Washington, approved March 14, 1911, known as and designated the "Workmen's Compensation Act" (chapter 74, Session Laws of the state of Washington, p. 345), relating to the compensation of workmen in extrahazardous employments in that state. The constitutionality of the act is not attacked by either party, and the fact that the death of the decedent was due to the wrongful act and negligence of the railway company is not denied by that company. But the position taken by the plaintiffs in error (the plaintiffs in the court below) and controverted by the defendant in error, the Northern Pacific Railway Company, is that the Workmen's Compensation Act of the state of Washington does not and never was intended to deny to or take from the heirs or personal representatives of a deceased person their right of .action for damages against the person or corporation, not an employer, whose wrongful act caused the death of such deceased person. This ·contention of the plaintiffs in error is: That, the death of Benjamin Meese having been caused by the wrongful act and negligence of the Northern Pacific Railway Company, not his employer, his heirs, the

plaintiffs in error herein, are not barred by the provisions of the Workmen's Compensation Act from maintaining their statutory right of action against the railway company by reason of the fact that, at the time the decedent was killed, he was in the employ of the Seattle Brewing Company and acting in the discharge of his duties as an employé of that company.

The intent of the Legislature of the state of Washington with respect to the scope and purview of the Compensation Act must be ascertained by a construction of the act as a whole, keeping well in view the evils which, as declared by the act itself, it was intended to remedy.

The primary title of the act is as follows:

"Relating to compensation of injured workmen."

The secondary title is as follows:

"An act relating to the compensation of injured workmen in our industries, and the compensation to their dependents where such injuries result in death, creating an industrial insurance department, making an appropriation for its administration, providing for the creation and disbursement of funds for the compensation and care of workmen injured in hazardous employment, providing penalties for the nonobservance of regulations for the prevention of such injuries and for violation of its provisions, asserting and exercising the police power in such cases, and, except in certain specified cases, abolishing the doctrine of negligence as a ground for recovery of damages against employers, and depriving the courts of jurisdiction of such controversies, and repealing sections 6594, 6595 and 6596 of Remington and Ballinger's Annotated Codes and Statutes of Washington, relating to employés in factories, mills or workshops where machinery is used, actions for the recovery of damages and prescribing a punishment for the violation thereof."

The act contains its own declaration of legislative policy in the following specific terms:

"Section 1. The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the workman and that little only at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage-worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of actions for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

Section 2 contains an enumeration of the extrahazardous occupations or works to which the act is intended to apply.

Section 3 contains particular definitions of the terms employed in the act.

Sections 4 to 19, inclusive, set forth the schedules of contribution and compensation of the act, and provide for the giving of notice under the act, and the methods of enforcement of the act.

211 F.—17

Section 20 provides that any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department created by the act, affecting his interests under the act, may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence.

Sections 21 to 26, inclusive, create an industrial insurance department, and impose the administration of said act upon that department.

By sections 27 and 28 it is provided that, if any employer shall be adjudged to be outside the lawful scope of the act, the act shall not apply to him or his workmen, and that if the provisions of the act relative to compensation for injuries to or death of workmen become invalid because of any adjudication, or be repealed, such repeal or the rendition of the final adjudication of invalidity shall not be computed as a part of the time limited by law for the commencement of any action relating to such injury or death.

Section 29 appropriates the sum of $1,500,000, or so much thereof as shall be necessary, for the purposes of the act.

In section 30 it is provided that sections 8, 9, and 10 of the act approved March 6, 1905, entitled "An act providing for the protection and health of employés in factories, mills or workshops, where machinery is used, and providing for suits to recover damages sustained by the violation thereof, and prescribing a punishment for the violation thereof" (sections 6594, 6595, and 6596 of Remington & Ballinger's Annotated Codes and Statutes of Washington, referred to in the title of the act), "and repealing an act entitled 'An act providing for the protection of employés in factories, mills or workshops, where machinery is used, and providing for the punishment for the violation thereof, approved March 6, 1903,' and repealing all other acts and parts of acts in conflict therewith," shall be repealed; except as to any cause of action which shall have accrued thereunder prior to October 1, 1911.

Section 31 relates to the distribution of the funds in case of a repeal of the act.

Section 32 provides that the act shall not affect any action pending or cause of action existing on the 30th day of September, 1911.

With respect to the title of the act it is to be observed that it relates to the compensation of injured workmen in industries in the state of Washington, and the compensation to their dependents where such injuries result in death; but it does not, with a single exception to be noticed hereafter, purport to relate to the statutory right of action for damages given to heirs and personal representatives of a deceased person, when the death of such person is caused by the wrongful act or neglect of another, not an employer. Again the title recites that the act contains provisions abolishing the doctrine of negligence as a ground of recovery of damages against employers, but it does not recite that the act contains provisions abolishing the statutory right of action in favor of the heirs and personal representatives of a deceased person, where the death of such person is caused by the wrongful act or neglect of another, not an employer; and the act does not in fact abolish such right of action in express terms. The title recites that the act abolishes certain sections of Remington & Ballinger's

Annotated Codes and Statutes of Washington; but it does not recite that the act repeals sections 183 and 194 of that compilation of Codes and Statutes under which this action was brought, and the act does not in fact in express terms repeal either of those sections of the law. These two sections, so far as they relate to this case, provide as follows:

"Sec. 183. * * * When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death."

"Sec. 194. No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living; * * * but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife or children. * * *"

With respect to the declaration of policy contained in the first section of the act, it is to be noticed that it is specifically directed against "the common-law system governing the remedy of workmen against employers for injuries in hazardous work." The present action is not one arising under the common-law system, and it is not against the employer of the decedent. The plaintiffs in error, as the wife and children of the decedent, had no right of action against the defendant at common law, whether the defendant was an employer or a third person not an employer. Their right of action is purely statutory, and is based upon sections 183 and 194 of the above-mentioned Codes and Statutes of Washington.

The question to be determined is this: Did the Compensation Act repeal these sections of the prior statute law? It did not by any express provisions of the act. Did it do it by implication?

[1] The contention of the defendant in error is that these sections have been repealed, so far as plaintiffs' right of action against the defendant in error is concerned, and that the plaintiffs must recover, if at all, under the Compensation Act. This contention is based: First, upon the declaration contained in the first section of the Compensation Act concerning the exercise of the police power of the state. The declaration is:

"That all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen injured in extrahazardous work, and their families and dependents, is hereby provided, regardless of questions of fault, and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

The scope of this provision of the act is clearly limited primarily by the word "premises." All phases of the "premises" are withdrawn from private controversy. What are the "premises"? The "premises" are the matters stated in the context, namely, "the common-law system governing the remedy of workmen against employers for injuries received in hazardous work." This withdrawal does not include the general liability for a personal tort, nor does it include specifically a right of action under the state statute for injuries resulting in death caused by the wrongful act or neglect of another not an employer.

The maxim "Noscitur a sociis," applies here and determines the proper interpretation of the language. Kelley v. City of Madison, 43 Wis. 638, 28 Am. Rep. 576; McGaffin v. City of Cohoes, 74 N. Y. 387, 30 Am. Rep. 307.

The defendant claims further that its contention is supported by the proviso found in section 3 of the act, relating to the definition of words used in the act, "that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section"; but this proviso is limited in express terms to "an injury to a workman occurring away from the plant of his employer." If the injury to a workman occurs at the plant of his employer, the proviso does not apply. In the present case the injury did not occur to the workman away from the plant of his employer. It occurred while he was in the employ of his employer and at the plant of his employer. The fact that the injury was due to the negligence and wrong of another not in the same employ is not sufficient under this section to bring the case within the provisions of the Compensation Act; but it is not necessary for us to decide that question. The question here is: Have the plaintiffs in error a remedy under the prior statute? They have if that statute has not been repealed by the Compensation Act. It is not claimed that it has been repealed by that act in express terms. Can it be said that it has been repealed by implication? It is plain that it has not, when we consider that by the Compensation Act it is provided that if a workman is injured away from the plant of his employer by the negligence or wrong of another not in the same employ, and the injury results in the death of the workman, his widow, children, or dependents may elect whether to take under the Compensation Act or seek a remedy against such other. What that remedy against the other is is clearly indicated by the remainder of the section pointing to a right of action under the prior statute. The remainder of the section is as follows:

"* * * If he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice be made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case. Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund, may be made only with the written approval of the department."

A cause of action "against such other" which "shall be assigned to the state for the benefit of the accident fund" must be based upon the prior statute. If based upon the prior statute, that statute was not repealed, but continued in force.

It is further contended by the defendant in error that the first clause of section 5 of the Compensation Act provides a sure and certain remedy to workmen in case of injury, or their dependents in case of death,

regardless of the right of action against any person whomsoever, and takes away such right of action. The clause is as follows:

"Each workman who shall be injured whether upon the premises or at the plant or, he being in the course of his employment, away from the plant of his employer, or his family or dependents in case of death of the workman, shall receive out of the accident fund compensation in accordance with the following schedule, and except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

The last words of this clause, taken alone, might be held to be sufficiently broad to justify the plaintiffs in error in claiming out of the accident fund the compensation provided in the act, and, if such claim were made and allowed, it would undoubtedly "be in lieu of any and all rights of action whatsoever, against any person whomsoever." But further than this we do not think the clause can be extended. The clause does not abolish or take away the right of action. It merely provides that an award under the act "shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

The conclusion we have reached is that the repeal of sections 183 and 194 of Remington & Ballinger's Compilation of the Codes and Statutes of Washington is not within the title of the Compensation Act, that the repeal of these sections is not within the declared policy of the Compensation Act as applied to the facts charged in the complaint in this case, that these sections have not been repealed by the Compensation Act either expressly or by implication; but, on the contrary, the implication to be drawn from the provisions of the statute is that these sections have not been repealed. These conclusions are abundantly supported by the general rules governing the construction of statutes.

[2] 2. It is a fundamental rule in the construction of a statute that its purview can be no broader than its title, or as stated by Sutherland, in his work on Statutory Construction, the title of the act must agree with the act itself, by expressing its subject; the title will fix bounds to the purview, for the act cannot exceed the title subject nor be contrary to it.

"An act will not be so construed as to extend its operation beyond the purpose expressed in the title. It is not enough that the act embraces but a single subject or object, and that all its parts are germane; the title must express that subject, and comprehensively enough to include all the provisions in the body of the act. The unity and compass of the subject must therefore always be considered with reference to both title and purview. The unity must be sought, too, in the ultimate end which the act proposes to accomplish, rather than in the details leading to that end. * * * The title cannot be enlarged by construction when too narrow to cover all the provisions in the enacting part, nor can the purview be contracted by construction to fit the title." Lewis' Sutherland, Statutory Construction, § 120.

"The title of an act defines its scope; it can contain no valid provision beyond the range of the subject there stated." Id. § 145.

In the case of Diana Shooting Club v. Lamoreux, 114 Wis. 44, 89 N. W. 880, 91 Am. St. Rep. 898, the Supreme Court of Wisconsin, applying the above rule to the case then under consideration, said:

"When one, reading a bill with the full scope of the title thereto in mind, comes upon provisions which he could not reasonably have anticipated because of their being in no way suggested by the title in any reasonable view of it,

they are not constitutionally covered thereby. But, in applying that rule, this other rule, which has been universally adopted, must be kept in mind: The statement of a subject includes, by reasonable inference, all those things which will or may facilitate the accomplishment thereof."

We are not asked in the present case to give effect to some clause of the act not embraced in the title (for, as we have observed, the act contains no provisions respecting injuries received by an employé in the course of his employment and at the plant of his employer, occasioned by the wrongful act and negligence of another not in the same employ and not connected in any way with the employé or with the employer); but we are asked to read into the statute under consideration, by construction, a meaning and an extent not covered by or included within the title.

We are of opinion that there is nothing in the title of the act which by direct words, or by any fair and reasonable intendment or inference, can be construed to include within the scope of the act, and therefore to deny to the plaintiffs in error in this case, a right of action of the nature of that asserted by them, or which can be construed as depriving the courts of jurisdiction of a controversy in the nature of the one now before this court.

3. It will be noted further that there are expressly designated, in the title of the act under consideration, certain sections of Remington & Ballinger's Annotated Codes and Statutes of the state of Washington, to wit, sections 6594, 6595, and 6596 thereof, which are by said act expressly repealed. But the very obvious purpose of the act (if the interpretation insisted upon by the defendant in error be the correct one) would be to repeal, in addition to the sections expressly enumerated, sections 183 and 194, providing for a right of action and the survival of a right of action in favor of the personal representatives of a decedent.

[3] But the express repeal of certain acts implies an intent not to repeal other sections. As said by the Supreme Court of New York in the case of Bowen v. Lease, 5 Hill, 226:

"The invariable rule of construction in respect to the repealing of statutes by implication is that the earliest act remains in force, unless the two are manifestly inconsistent with and repugnant to each other, or unless, in the latest act, some express notice is taken of the former, plainly indicating an intention to abrogate it. As laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the Legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable."

Furthermore, if it was the intent of the Legislature to repeal the former act, that intent should have been clearly expressed.

"There can be no intent of a statute not expressed in its words. While the object of all construction, and the purpose of all rules of interpretation, is to ascertain the legislative intent, and while, in construing a particular part of a statute, the whole act may be regarded, and all other acts bearing upon the subject, and all extraneous circumstances which the Legislature may be supposed to have had in mind, may be properly taken into consideration, yet the intent which is finally arrived at must be an intent consistent with, and fairly expressed by, the words of the statute themselves. * * * The intent to be ascertained and enforced is the intent expressed in the words of the stat-

ute, read in the light of the Constitution·and the fundamental maxims of the common law, and not an intent based upon conjecture or derived from external ·considerations." Sutherland, Statutory Construction, § 388.

In section 499 of the work of the same learned author,· it is said:

"It is presumed that the Legislature does not intend to make any change in the existing law beyond what is expressly declared."

4. The opinion of the Supreme Court of the state of Washington, dated November 28, 1913, in the case of Peet v. Mills, 136 Pac. 685, has been called to our attention by the defendant in error, in support of the position taken by it in the case at bar. We are unable to agree with counsel that the Supreme Court of the state of Washington in that case reached a conclusion different from that reached by us in the present case. In the Washington case the plaintiff, Peet, while in the employ of the Seattle, Renton & Southern Railway Company, as a motorman, was injured in a collision between two of the railway company's trains. The defendant, Mills, was then the president of the railway company, and the plaintiff in his suit sought to hold him personally responsible for the injuries because of the allegations that, when Mills assumed control and management of the railway company, it was equipped with a block signal system for use in foggy weather, which the defendant failed to operate; and that, when complaint was made by the train operators. of the great danger· of operating the trains without the aid of the block signals, a promise was made by the defendant, Mills, to have the block signals working during foggy weather, which promise the defendant failed to keep, and,· as a consequence of his negligence in so failing, the plaintiff was injured. The trial court sustained a demurrer to the complaint, and, the plaintiff electing to stand upon his complaint, the action was dismissed and an appeal taken to the Supreme Court. The decision of the lower court was affirmed. In whatever light the Supreme Court of the state of Washington may have viewed the case, no portion of the language used by it in that case can be claimed to cover the facts of the case which we now have under consideration. In the Washington case the injury was alleged to have been caused by the negligence of the defendant, who was the president of the railway; that is, in the same employ with the plaintiff. In the case now at bar the death of the decedent is alleged to have been caused by the negligence of the Northern Pacific Railway Company, a party not in the same employ with the decedent, and in no manner connected with said employment. The Washington case, viewed from this standpoint, comes within the express words of the statute; the present case does not. Here we have an entirely different state of facts, calling for the application of entirely different principles of law; and, as we·view it, the conclusions we have reached are in no sense conflicting or inconsistent with the opinion in the Washington case.

The decision of the lower court is reversed, with directions to overrule the demurrer.