## THE FRED E. SANDER.

(District Court, W. D. Washington, N. D. March 6, 1914.)

No. 2540.

1. ADMIRALTY (§ 65*)—LIBEL—EXCEPTIONS.

Exceptions to a libel confesses only the facts properly pleaded, and any statement of a conclusion not supported by facts set forth in the libel must be disregarded.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 515–518; Dec. Dig. § 65.*]

2. MASTER AND SERVANT (§ 250¾, New, vol. 16 Key-No. Series)—WORKMEN'S COMPENSATION ACT—JURISDICTION OF ADMIRALTY COURTS—ELECTION.

A libel for personal injuries, which alleges that libelant was injured while engaged in an extrahazardous employment on the premises of his employer in the state of Washington, that he received from the Industrial Insurance Commission of the state a specified sum as a gratuitous payment out of a fund provided by the state, and to which defendant had never contributed, and that the amount received was not accepted as payment for any of the injuries sustained, shows that libelant after the injuries obtained relief under the Workmen's Compensation Act (Laws Wash. 1911, c. 74), which abolishes civil actions for damages by workmen for personal injuries, and he cannot proceed in admiralty for compensation for the injuries.

In Admiralty. Libel by James A. Thompson against the sailing schooner Fred E. Sander, her engines, etc. On exceptions to amended libel. Exceptions sustained.

S. A. Bostwick and J. Y. Kennedy, both of Everett, Wash., for libelant.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for claimant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NETERER, District Judge. The exceptions to the libel were over-ruled, 208 Fed. 724. An answer was then filed by claimant, the fourth affirmative defense of which set forth the passage of the Workmen's Compensation Act by the Legislature of the state of Washington, which took effect between employer and employé on the 1st day of October, 1911; that libelant was injured while in the performance of his duty as a "workman" engaged in an "extrahazardous employment" on the premises of his employer, within the state of Washington, on the 18th day of November, 1912, within the meaning of said act, and on the 23d day of November, 1912, voluntarily made application to the State Industrial Insurance Commission for compensation under said act; that his claim was approved and allowed, and he was paid compensation from the "accident fund" provided in said act from the date of his injuries to the 18th day of August, 1913, and that said commission, after special examination of Thompson by its chief medical adviser, did, on October 5, 1913, forward to Thompson an additional award of $300 in full compensation for said injuries; that all of said compensation has been received and accepted by him as aforesaid; that the owners of said schooner had paid into said "accident fund" all premiums demanded by said commission from them as employers of stevedores, as provided by said act; that libelant had elected to seek and receive compensation under said act, and had abandoned all his rights to seek compensation for the same injuries under any other law, and was estopped to maintain suit. Thereupon libelant asked and was granted permission to file an amended libel for the reason—

"that the interests of justice will be best subserved and the matter in issue can be best determined, and the law finally settled with relation to the issue presented in this case by permitting the libel herein to be amended as provided by admiralty rule No. 51."

An amended libel was then filed so as to confess and avoid or explain or add to the affirmative defenses, and by way of explanation of said new matter alleged as follows:

"That between the 18th day of December, 1912, and the 18th day of August, 1913, he [libelant] did receive from the Industrial Insurance Commission of the State of Washington the sum of $360; that the same was a gratuitous payment from the said Industrial Insurance Commission of the State of Washington out of a fund provided by said state to which the defendant had not, and never has, contributed anything; and that the amount received was not in any manner accepted as payment for any of the injuries sustained by libelant, as alleged in his said libel, and that the libelant has at all times refused to accept any settlement offered by said Industrial Insurance Commission in satisfaction of damages for his alleged injuries, and that this libelant has received and accepted no further moneys from said Industrial Insurance Commission of said state."

[1] It is manifest from a reading of the amended libel that libelant received $360 for injuries sustained by him. The phrase, "and that the amount received was not in any manner accepted as payment for any of the injuries sustained by libelant," is not a statement of a fact, but a conclusion, and if not supported by facts stated, will be disregarded. Exceptions to a libel, like a demurrer to a complaint, confesses all facts properly pleaded. Any statement of a conclusion which is not supported by facts set forth in the libel to sustain it, under the

rule that exceptions admit only facts, well pleaded, must be disregarded. Strauss v. Foxworth, 231 U. S. 162, 34 Sup. Ct. 42, 58 L. Ed. ——, decided November 17, 1913; Jackson v. Chicago, M. & St. P. Ry. Co., 210 Fed. 495.

From a statement of the facts contained in the amended libel is the legal question involved presented in such a manner that the issue can be determined by a ruling upon the exceptions to the amended libel, and save the litigants the expense, and the court the time of trial?

[2] The statement in the amended libel that the payments received were "gratuitous" from the Insurance Commission must be considered with reference to the act and the presumptions which obtain with relation to the conduct of public officials, the presumption being, when nothing appears to the contrary, that public officials act with and pursuant to law. 29 Cyc. 1437; 23 Am. & Eng. Encyc. of Law, 364. The only reasonable deduction, it seems to me, to be made from the amended libel, filed under the circumstances as disclosed in the record, is that libelant after injury did apply for relief under the Industrial Insurance Act and received payment thereunder. The officer of the state could not have paid the sums admitted to have been received without application therefor; and, in the absence of further statement in the pleading, it must be so held. Section 12 (a) Law of 1911, p. 364, provided:

"Where a workman is entitled to compensation under this act he shall file with the department, his application for such, together with the certificate of the physician who attended him."

Section 5, among other things, provides that each workman who shall be injured within the provisions of the act shall receive out of the "accident fund" compensation which shall be in lieu of any and all rights of action whatsoever against any person whomsoever. The allegation that claimant had not contributed to the "accident fund" is immaterial, and would be impotent even in a common-law action, in the absence of the further statement that such default continued after demand. The obligation to pay is a matter between the state and the owner, to enforce which an action will lie, and no action is revived for the benefit of the injured workman until default in payment of assessments after demand. Section 8 of the act, pp. 362, 363, provides:

"If any employer shall default in any payment to the accident fund hereinbefore in this act required, the sum due shall be collected by action at law in the name of the state as plaintiff, and such right of action shall be in addition to any other right of action or remedy. * * *

"The person so entitled under the provisions of this section to sue shall have the choice (to be exercised before suit) of proceeding by suit or taking under this act."

The common-law right of action being withdrawn, it is immaterial whether payment has been made by the employer to the "accident fund" or not. The fact that the defaulting employer is not protected against actions for injury in case of default of payment after demand will not defeat the injured workman's right to take under the act, should he so elect.

But for the enactment of the Workmen's Compensation Act of the state of Washington, libelant would have two remedies; one his com-

mon-law action for damages against the owners, and the other a proceeding in admiralty. The selection of the one remedy would bar a proceeding in the other. A party cannot enforce both remedies, and will be required to elect whether to pursue his common-law remedy or proceed in admiralty. The Workmen's Compensation Act, while it took away the common-law action, provided in its stead another remedy. If the libelant determined to obtain relief from the substitute which is provided for his common-law remedy, and received compensation under such act, then he cannot proceed in admiralty and thus obtain double compensation for the injury of which he complains. An injured workman who has made claim for and received compensation under the Workmen's Compensation Act has elected to accept under the act, and cannot therefore raise an action in admiralty. While the issue in this case was not directly presented to the Circuit Court of Appeals, I think the conclusion here reached is supported in Meese v. Northern Pacific Ry., 211 Fed. 254, 127 C. C. A. 622. This court has held (208 Fed. 724) that the state cannot take from an injured workman his right to proceed in admiralty by abolishing his right to pursue a common-law remedy for personal injury. But where an injured person takes the benefit of a remedy provided by the state in lieu of his common-law remedy, he cannot thereafter pursue his remedy in admiralty.

The exceptions to the amended libel are sustained.