## THE ROCHESTER.

(District Court, W. D. New York. September 7, 1915.)

1. ADMIRALTY ⚌41—SUITS IN REM—JOINDER OF LIBELANTS.

Whether or not a multiplicity of persons having claims against a vessel shall be permitted to unite in a single libel, or to consolidate their various libels, rests in the sound discretion of the court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 350–368; Dec. Dig. ⚌11.]

2. ADMIRALTY ⚌41—SUITS IN REM—JOINDER OF LIBELANTS.

A number of libelants, all of whom were passengers on a steamer on the same voyage, may properly be permitted to join in a single libel against the vessel to recover the damages sustained by each by reason of the bad quality or unfit condition of the food furnished on such voy-

---

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

age, where the cause may be tried to the court; but where jury trial is demanded, under Rev. St. § 566 (Comp. St. 1913, § 1583), and the number of libelants is large, such joinder is not practicable.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 350–368; Dec. Dig. ☞41.]

In Admiralty. Suit by John Bashaw and others against the steamship Rochester. On exceptions to libel. Exceptions allowed.

Hamilton Ward, of Buffalo, N. Y. (Lewis A. McGowan and Irving W. Cole, of Buffalo, N. Y., of counsel), for libelants.

Brown, Ely & Richards, of Buffalo, N. Y. (Burlingham, Montgomery & Beecher, of New York City, of counsel), for claimant.

HAZEL, District Judge. The claimant has filed exceptions to the libel, a proceeding in rem, on the grounds that there is a misjoinder of parties libelant and that, under admiralty rule 30 (29 Sup. Ct. xlii), the bond filed herein is insufficient. The libelants, who were passengers on the steamer Rochester on a voyage from Buffalo to Put-in-Bay, Ohio, and Detroit, Mich., and return, have joined in an action to recover damages alleged to have been sustained by them from the pollution of food and water during the voyage, owing to improper. equipment, by reason of which they became sick and diseased aboard the vessel and after leaving it; ·some suffering from enteritis, and others from ptomaine poisoning and typhoid.

[1] The consolidation of two or more actions in admiralty is based upon the fact that such actions are ordinarily in rem against the common res, a proceeding which necessitates a seizure of the libeled vessel to bring her within the custody and control of the court. Whether a multiplicity of persons having claims against the vessel shall be permitted to unite in a single libel or to consolidate various libels rests in the sound discretion of the court. Indeed, section 921 of the Revised Statutes (Comp. St. 1913, § 1547) expressly authorizes the court in actions of like nature, or relating to the same subject-matter, to make such orders and rules concerning the procedure as may be required to avoid unnecessary cost or delay in the administration of justice, and to consolidate when it appears reasonable to do so. In the present case it is not difficult to perceive the propriety and reasonableness of joining the different causes of action in a single libel. Even at common law is recognized the consolidation rule, which originated in England with Lord Mansfield, because of the expense and delay attending the trial of a multiplicity of actions. In· Mutual Life Insurance Co. v. Hillmon, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706, the rule of joinder in insurance causes was adopted as provided. for in section 921 of the Revised Statutes.

In Salmon Falls Mfg. Co. v. The Tangier, Fed. Cas. No. 12,267, it was held that in case of joinder of parties libelant the evidence relating to questions common to all was to be taken but once, and when these were determined the cases became separate and independent, each litigable on its own merits. It was said in that case that such a consolidated proceeding was authorized by the general principles of

admiralty practice, and was not a right confined to seamen suing for wages, but extended to all parties in analogous cases. In Lambert et al. v. Rich et al., 12 How. 347, 13 L. Ed. 1017, the Supreme Court said that where there were several claims against a vessel, founded upon common injury and loss, it was fit and proper that the proceedings should be joined by allowing the libelants to unite in a single libel. Thus it will be observed that the rule as stated in Oliver v. Alexander, 6 Pet. 143, 8 L. Ed. 349, has been broadened to include a proceeding wherein there is shown to exist common responsibility to a number of persons. The Prinz George (D. C.) 19 Fed. 653, affirmed (C. C.) 23 Fed. 906; The Oregon, 133 Fed. 609, 68 C. C. A. 603. These adjudications were based on somewhat different facts, but they are nevertheless authorities for joinder of parties libelant where claims are asserted against a common res.

[2] In the present case the libelants have demanded a trial by jury under section 566 of the Revised Statutes (Comp. St. 1913, § 1583), giving such right in cases of contract or tort arising on a vessel or in connection with navigation upon the Great Lakes and connecting waters; but there is manifest difficulty in disposing of a multiplicity of causes of action by a jury in a single suit, especially in a case like this, where the injuries sustained are such as to entitle each libelant to a separate and distinct compensation involving testimony of different witnesses in each individual case as to the nature and extent of the injuries, and involving no doubt conflicting opinions of medical experts. I think such perplexity and confusion would attend such a trial as to make it embarrassing, if not wholly impossible, to properly decide and dispose of each case. It certainly would be extremely difficult for the jury to retain in their minds the various individual injuries complained of (49 or 59 in number, if additional actions are consolidated), the testimony in relation thereto, and the different amounts of compensation to be awarded. Proctor for libelants, insisting upon the right to trial by jury, suggests that, after the jury has established and reported to the court the liability of the vessel, the question of damages should be passed upon as a special issue by the same jury or by different juries; but such a proceeding would not appreciably lessen the difficulty of the trial, and therefore the order of consolidation or joinder heretofore made at the time the libel was filed should be vacated, unless trial by jury is waived by libelants.

The exception, therefore, to the prosecution by libelants of a single libel will be allowed, unless such libelants within 10 days withdraw their demand for trial of the issues by jury, in which case the said order of consolidation or joinder will remain in force and effect.

The exception arising from the insufficiency of the bond for costs heretofore filed herein is not without merit, and will be allowed, unless the libelants who are nonresidents file, under local admiralty rule 30, a new bond for costs in the amount of $1,200.

So ordered.