# KIM HONG v. THE AMERICAN STEAMSHIP "CLAUDINE."

## May 24, 1916.

1. *Admiralty—Jurisdiction as affected by local enactment abolishing common-law remedy (Workmen's Compensation Act):*    The admiralty jurisdiction of the United States District Court for the Territory of Hawaii in cases arising out of injuries to seamen, due to the failure of shipowners to provide safe appliances or safe places of work, is not taken away by the enactment by the legislature of the Territory of Hawaii of a Workmen's Compensation Act, S. L. Haw. 1915, 323, abolishing the right to pursue certain common-law remedies.

2. *Same—Same:*    Though an injured seaman may by his acts be held to have elected to take the remedy provided by the Workmen's Compensation Act, yet the mere receipt from the ship or shipowners, of hospital and medical treatment and money for maintenance, is not in itself alone such an election as to deprive the seaman of a remedy in admiralty,—subject, however, to allowance therein by way of set-off for such benefits received.

3. *Same—Pleading—Joinder of causes:*    It is proper, subject to the court's discretion, and to avoid multiplicity of suits, to join in one libel *in rem* causes of action for personal inuries received by a seaman while in the service of a vessel, due to alleged negligence in breach of contract, or of implied duty, to provide proper appliances, places of work reasonably safe under the conditions, and sufficient help. Joinder of suits *in rem* and *in personam* and of suits arising out of contract and tort, considered.

4. *Same—Seamen—Personal injuries from negligence of ship—Assumption of risk:*    In a libel for damages arising out of injuries to a seaman, assumption of risk is not to be presumed in the face of the clear allegation that the risk resulted from the ship's own negligence.

*In Admiralty:* Exceptions to libel *in rem*.

*G. A. Davis* for libelant.

*E. W. Sutton (Smith, Warren & Sutton* with him) for claimant.

CLEMONS, J.  This libel *in rem* for recovery of damages "for breach of marine contract  .  .  .· and for maintenance and support, care, medical attention and for money expended during illness and for compensation for expenses," is based (1) upon the libellee's failure to provide a safe place of work and proper apparatus,—in respect to a ship's ladder,—resulting in injury (fracture) of the arm of the libelant, a seaman in the libellee's service under a contract whereby it was "the bounden duty" of the ship and her owners to furnish such a safe place and reasonably safe apparatus, and (2) upon the libellee's failure some time later under a distinct contract of hiring to provide·a safe place of work and proper apparatus,—in respect to the place and the means of stowing a large, heavy, anchor-chain,— and, it seems, a proper method of doing this work, and failure to furnish sufficient help for this hazardous work, all of which negligence resulted in further injury to the injured arm; also, the wrong of the libellee's officers, under whom the libelant was working, in ordering him to do this hazardous work of stowage when his arm had not, as was known to the officers, yet recovered from the earlier injury. Under this second cause of action, the failure to provide a safe place of work and proper appliances, is not alleged as clearly and directly as accords with good pleading, but in view of the fact that such failure was testified to by the libelant in his deposition *de bene esse* heretofore taken herein, the libel will for the purposes of this decision be regarded as cured by an amendment which the libelant now offers to supply.  It is also alleged that the owner of the libellee allowed the libelant five dollars a week for fourteen weeks after the second injury, but refused to pay anything more to compensate him for his injuries.

The claimant, owner of the libelled steamship, excepts to the libel on the following grounds, some being here combined for brevity's sake:

(1) The superseding of this court's admiralty jurisdic-

tion by the enactment by the legislature of the Territory of Hawaii, of a Workmen's Compensation Act, S. L. Haw. 1915, page 323, Act 221, approved April 28, 1915.

(2) The libelant's waiver of all right to libel the ship in admiralty "by accepting hospital and medical attendance and care and payments for cost of maintenance made by the claimant under the provisions of said Act."

(3) Duplicity.

(4) Failure to state a cause of action *in rem* against the ship by reason of the second injury alleged, it appearing affirmatively that the second injury was caused not by unseaworthiness or want of proper appliances, but by the libelant's negligence in attempting to work as a seaman and the negligence of his fellow-servants in permitting him to work upon the ship while his arm was in a weakened and dangerous condition from the former injury.

(5) The receipt from the owners by the libelant of all necessary "hospital and medical attendance" in connection with the injuries alleged and all necessary payments on account of maintenance.

(6) The affirmative appearance that the proximate cause of the former injury was the libelant's losing his balance and falling from the ladder, and not any unseaworthiness or failure to supply and keep in order proper appliances.

(7) The affirmative appearance that for the latter injury the libelant is solely responsible in having offered himself as a seaman and held himself out to the master and officers as in fit physical condition for and able to do all work required of seamen, and that the work required is not other than that usually required in such employment.

(8) Assumption of risk in both cases of injury.

[1] Ground (1) is disposed of by the fact that this court cannot be deprived of its jurisdiction as a court of admiralty (Organic Act, sec. 86, 31 Stat. 141, 158, as amended 33 Stat. 1035, c. 1465, sec. 3, 35 Stat. 838, c. 269, sec. 1), by any act of the Territorial legislature,—particularly by this Workmen's Compensation Act purporting to abolish common-law remedies in personal injury cases; assuming, of course, that admiralty has jurisdiction of the case at bar. This very point is so ably covered by Judge Neterer's opin-

ion in *The Fred E. Sander,* 208. Fed. 724 (see also s. c., 212 Fed. 545, 548), that the court is content to refer thereto without further discussion.    The decision of *Waring v. Clarke,* 5 How. 441, 459-464, not therein cited, also throws some light on the point.    And see 1 Cyc. 811; 1 Enc. L. & P. 1229.

The constitutionality of the Act has not been raised, and in any event need not be considered, for any such question would be quite immaterial under the view above expressed.

Ground (2) is not justified by anything appearing in the libel.    It does not appear that the libelant accepted anything, or that anything was given, as satisfaction under the Compensation Act, or as anything more than *pro tanto* compensation under whatever remedies he might have.    See discussion of Ground (5), post.

Ground (3) is somewhat difficult to dispose of, not only by reason of the condition of the authorities, but more especially by reason of the prolixity and want of clearness and directness of the pleader.

This ground is that of duplicity in the allegation of two causes of action "each independent of the other and based on different grounds," "one *in rem* against the ship and the other *in personam* against the owners," who are not, however, made parties.

Considering the above suggested amendment as made (whether it was necessary or not), and regarding these two causes of action as arising from breaches of contract to furnish safe places of work and proper appliances (and perhaps proper methods of work), joinder may be justified by the rule of Judge Morrow in *The Queen of the Pacific,* 61 Fed. 213-214, approving joinder of a number of claims for damages growing out of distinct contracts, for the purpose of avoiding a multiplicity of suits.    See *The Prinz George,* 19 Fed. 653.    It is understood, of course,. that the application of this rule may not be a matter of right but of the court's discretion.    1 C. J. 1295.

And even assuming that, as claimant's proctor contends, the second cause of action is (as it stands without amendment) insufficiently alleged as a breach of contract, and that all that is shown is an injury received in obeying orders of the ship's officers, nevertheless such an injury may be the basis of a suit *in rem*. *Lafourche Packet Co. v. Henderson,* 94 Fed. 871, 872-873; *The A. Heaton,* 43 Fed. 592, 594; *The Edith Godden,* 23 Fed. 43, 46; 1 Labatt, Master and Servant, 697, sec. 289, par. b and note. And see *Gabrielson v. Waydell,* 67 Fed. 342, 344, and *Johnson v. Johansen,* 86 Fed. 886, 889, though suits *in personam*.

Independently of any contract, the ship owed a duty to the seaman to furnish proper appliances and reasonably safe places of work (*Johnson v. Johansen,* supra, 888), and a breach of this duty would be a tort. The fact that the tort may be coincident with the contract, is immaterial (see 38 Cyc. 428), especially here, as the general nature of admiralty practice is equitable, and in admiralty "the grand object of doing justice between the parties is superior to technical rules and forms." Benedict, Admiralty, 4th ed., secs. 291, 413.

"The strict rules of the common-law in respect to the unity of the cause of action, or the community of interest or of responsibility of parties to actions, are not observed in the maritime courts." *The Merchant,* 17 Fed. Cas. 31, 32, No. 9,434. Betts, J.

And see language of Judge Betts in *Borden v. Hiern,* 3 Fed. Cas. 897, 898, No. 1,655, which though written before the Admiralty Rules narrowed the cases of permissible joinder, is still suggestive where, as here, the causes of action are not within the classes whose joinder is forbidden (Benedict, Admiralty, 4th ed., sec. 294):

"With regard to the joinder of causes of action, the division and nomenclature of actions at common law afford no rule of decision for admiralty courts; because, as a general rule, the remedy under the civil law is commensurate with the right established by the pleadings and proofs in a cause,

and is not made dependent upon the specialties of form which embarrass a suit at common law. Wood, Civ. Law, b. 4, c. 3, sec. 3 et seq. . . . There is an obscurity in respect to the right of a libelant to unite distinct causes of action in an admiralty suit, which is essentially owing, I apprehend, to the propensity of the bar and courts, in modern times, to identify the pleadings of this court with those of common law tribunals. . . . The course of procedure in this country must be essentially at the discretion of each individual court, until a permanent direction shall be given to it by the paramount authority of the supreme court. No formula of pleading, in this respect, has as yet been prescribed by that high authority; but it has pointedly implied, in its adjudications, that a libel may embrace causes of action arising *ex contractu,* and those arising *ex delicto.* See *The Amiable Nancy,* 3 Wheat. 16 U. S. 546; s. c., Case No. 331. And I think there is ground to question the propriety of restraining admiralty suits to single causes of action. The reason which sustains that practice at law, very slightly, if at all, applies to the pleadings in admiralty, where no regard is paid to the names or forms of actions, or to modes of complaint or defence, and where it is never made a point of pleading whether the case rests upon contract or tort."

And, inasmuch as the court could, and should, compel a consolidation in a case like this, the objection of duplicity is not practical. Rule 40 of this court; Benedict, Admiralty, 4th ed., sec. 412; *The Prinz George,* supra.

The joining of the two phases of the second injury, tort and contract, is proper under *Welch v. Fallon,* 181 Fed. 875, 877; 1 C. J. 1295; 1 Enc. L. & P. 1287.

Ground (4) if otherwise justified, would at all events be cured by the above amendment. Were it not for such amendment, this ground would be of considerable force,— that is, if we look only at the pleader's explanation of the second injury as not any specific act or circumstance or neglect, or anything outside of the weak condition of his arm,—which for all that appears he knew as well as anybody, and if we regard the fact that the stowing of an an-

chor chain was manifestly incident to his employment.

Ground (5) is untenable:   the libel is wholly inconsistent with the idea of the libelant's receipt of "hospital and medical attendance" as in full settlement of any claim for damages.   Though an injured seaman may by his acts be held to have elected to take the remedy provided by the Workmen's Compensation Act, yet the mere alleged receipt from the ship or its owners, of benefits such as these and of money for maintenance, cannot in itself alone be fairly regarded as an election to take the remedies provided by the Compensation Act.     See *The Fred E. Sander*, supra, 212 Fed. at 548.   But such benefits would be entitled to be credited by way of set-off.   And this Court of Admiralty cannot sympathize with the claimant's oral argument, that the libelant because presumed to know the law (including the provisions of the Territorial Act) must designate in some way that any money received from the ship owner is not an acceptance *pro tanto* of compensation under that Act.   And, to follow the reasoning of Judge Neterer in the *Sander* case, it would seem that the local legislature could not affect the jurisdiction of admiralty by providing the rule of presumption, Act, sec. 4, that "all contracts of hiring in the Territory shall be presumed to include such an agreement" to accept the remedies under the Act as exclusive of other remedies.  See *In re Su Yen Hoon*, 3  U. S. Dist. Ct. Haw. 606, 610.   And, as regards the rule of presumption as a rule of procedure, the admiralty court would not be required to follow the local rule.  Rev. Stat. sec. 914.

Ground (6) is untenable.   Though the libelant's losing of his balance and falling from the ladder immediately preceded the injury, these circumstances are not alleged directly or inferentially as the proximate cause of the injury, but the allegation is that the unsafe condition of the ladder was the cause, and as a matter of pleading that allegation must stand, for all that yet appears—the absence of negli-

gence being negatived by allegation of exercise of due and proper care.

Ground (7) is disposed of by the consideration of Ground (4) above.

So far as the first injury is concerned, assumption of risk, Ground (8), is nowhere apparent in this pleading, and is not to be presumed in the face of the clear allegation that the risk resulted from the ship's own negligence. See 1 Labatt, Master and Servant, sec. 2. And as to the second injury, the risk can not be held to have been assumed. See Id., sec. 289, par. b and cases cited in connection therewith under Ground (3), above.

. In accordance with the foregoing views, the exceptions are overruled.